**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
   AMI HOROWITZ,                     :

                                  :

                  **Plaintiff,**   :

                                  :      **1:25-cv-3412 (ALC)**

         -against-             :

                                  :      <u>**ORDER TO SHOW CAUSE**</u>

   **AJP EDUCATIONAL FOUNDATION, INC.**   :
   **AND NATIONAL STUDENTS FOR**        :
   **JUSTICE IN PALESTINE,**              :
                      **Defendants.**   :
------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

      On April 24, 2025, Plaintiff Ami Horowitz filed a Complaint against Defendants AJP

Educational Foundation, Inc. ("AJP") and National Students for Justice in Palestine ("NSJP")

asserting that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1132.  *See* ECF No. 1.  Plaintiff states that "Defendant NSJP is an unincorporated association

without a formal place of business or publicly identified leadership structure that was created and

is operated by AMP to manage and control a network of hundreds of chapter and affiliate

organizations on campuses."  *Id.* ¶ 15.  The Complaint references acts that were carried out by

NSJP's chapters and affiliates at City University of New York and Columbia University.  *Id.* ¶

7.  Plaintiff also states that he is a New York citizen.  *Id.* ¶ 10.

      "For the purpose of determining whether diversity jurisdiction exists, unincorporated

associations have long been considered to be citizens of each and every state in which the

association has members.   Thus, if the unincorporated association party to a lawsuit has any

member whose state citizenship coincides with the state citizenship of any of the opposing

parties in the lawsuit, a federal district court has no diversity jurisdiction."  *Baer v. United*

*Servs. Auto. Ass'n*, 503 F.2d 393, 395 (2d Cir. 1974) (quoting *Rosendale v. Phillips*, 87 F.2d 454

(2d Cir. 1937) (per curiam)); *see also Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 242 (2d Cir. 1987) ("The citizenship of an unincorporated association for diversity purposes has been determined for nearly 100 years by the citizenship of each and every member of that association.") (citations omitted); *Grunblatt v. UnumProvident Corp.,* 270 F. Supp. 2d 347 (E.D.N.Y. 2003) (concluding that two corporations that are deemed to be alter egos of each other acquire the citizenship of each other for diversity purposes thereby destroying diversity).

Accordingly, it is hereby **ORDERED** that the Plaintiff **SHOW CAUSE** in writing on **May 20, 2025** as to why this case should not be dismissed against Defendant NSJP for want of jurisdiction.

**SO ORDERED.**

Dated:  May 6, 2025
　　　　New York, NY

_____
　　　　　　　　**ANDREW L. CARTER, JR.**
　　　　　　　**United States District Judge**

2