UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
:
AMI HOROWITZ                                                   :
                                                               :
        Plaintiff,                                        :
                                                               :
v.                                                             :    Civil Case No. 1:25-cv-3412 (ALC)
                                                               :
AJP EDUCATIONAL FOUNDATION,                                    :
INC. d/b/a AMERICAN                                            :
MUSLIMS FOR PALESTINE and                                      :
NATIONAL STUDENTS FOR JUSTICE                                  :
IN PALESTINE,                                                  :
                                                               :
        Defendants.                                       :
                                                               :
---------------------------------------------------------------X

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE
## AND INCORPORATED MOTION FOR JURISDICTIONAL DISCOVERY

Plaintiff Ami Horowitz ("Plaintiff") hereby responds to the Court's Order to Show Cause why Defendant National Students for Justice in Palestine ("NSJP") should not be dismissed for lack of subject matter jurisdiction. Plaintiff respectfully requests that the Court not dismiss NSJP and instead grant specific, limited jurisdictional discovery as to NSJP's citizenship.

### INTRODUCTION

On April 25, 2025, Plaintiff Ami Horowitz filed a Complaint against Defendants American Muslims for Palestine ("AMP") and NSJP, alleging their liability for the assault and battery he suffered at a protest encampment at the City College of New York that was created under their orders and with their resources, guidance, training, and support for the purpose of violently disrupting the City University of New York's operations. ECF No. 1. Plaintiff alleges that this Court has jurisdiction pursuant to 28 USC § 1332 based on diversity jurisdiction. Defendant AMP

1

is a citizen of Virginia. Defendant NSJP's citizenship as an unincorporated association is unknown due to NSJP deliberately obscuring its organizational structure and leadership.

On May 6, 2025, the Court issued an Order to Show Cause (the "Order") why the Court should not dismiss NSJP for lack of subject matter jurisdiction. As identified in the Order, Plaintiff's Complaint alleges that "NSJP is an unincorporated association without a formal place of business or publicly identified leadership structure that was created and is operated by AMP to manage and control a network of hundreds of chapter and affiliate organizations on campuses" (ECF No.1 ¶ 15); and the Complaint concerns "acts that were carried out by NSJP's chapters and affiliates at City University of New York and Columbia University" (ECF No. 8 at 1).

For the reasons set forth below, the Court should not dismiss NSJP from the suit and should instead grant jurisdictional discovery so that NSJP's citizenship may be conclusively determined and the Court's diversity jurisdiction confirmed. Though NSJP's citizenship is currently unknown due to its operational secrecy, available evidence indicates that it does not hold New York citizenship. Because the additional facts necessary to properly determine NSJP's citizenship are non-public and within NSJP's possession, the Court should, in accord with common practice in the Second Circuit, provide Plaintiff the opportunity to conduct jurisdictional discovery to resolve this issue rather than dismiss NSJP from the suit.

## ARGUMENT

I. **Under the Second Circuit's common practice, the Court should permit Plaintiff to engage in jurisdictional discovery rather than dismiss NSJP from the suit.**

   A. **Courts heavily disfavor dismissing cases for lack of jurisdiction without first allowing jurisdictional discovery.**

Where a plaintiff lacks sufficient knowledge of a defendant's citizenship, "courts commonly grant jurisdictional discovery." *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr.,*

*LLC*, No. 20 CIV. 731 (PAE), 2020 WL 7711629, at *3 (S.D.N.Y. Dec. 29, 2020); *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."). "Courts generally require that plaintiffs be given an opportunity to conduct discovery on [] jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party." *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004) (citing *Kamen v. Am. Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir. 1986)).

Courts within the Second Circuit disfavor dismissing cases for lack of jurisdiction before granting the opportunity for jurisdictional discovery where "pertinent facts bearing on the questions of jurisdiction are controverted or a more satisfactory showing of the facts is necessary." *Kilpatrick v. Texas & P. Ry. Co.*, 72 F. Supp. 635, 638 (S.D.N.Y. 1947) (internal citations omitted), *rev'd on other grounds*, 166 F.2d 788 (2d Cir. 1948); *All. Of Am. Insurers v. Cuomo*, 854 F.2d 591, 597 (2d Cir. 1988) ("Before dismissing a case for want of jurisdiction, a court should permit the party seeking the court's intervention to engage in discovery of facts supporting jurisdiction…. Particularly where the facts supporting jurisdiction are complicated, discovery and the taking of oral testimony is advisable before a motion to dismiss for lack of jurisdiction is granted.") (internal citations omitted); *see also Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990) (prior to a definitive subject matter jurisdiction determination, "a plaintiff may be allowed limited discovery with respect to the jurisdictional issue"); *In re Vivendi Universal, S.A.*, No. 02 CIV. 5571 (RJH), 2004 WL 2375830, at *12 (S.D.N.Y. Oct. 22, 2004) ("[A] court should be careful not to deprive a plaintiff of his day in court with an erroneous order dismissing the case for lack of subject matter jurisdiction.").

Dismissing a case for lack of jurisdiction without first granting the opportunity for jurisdictional discovery is disfavored across other Circuits as well. *See Villar v. Crowley Mar. Corp.*, 990 F.2d 1489, 1502 n.5 (5th Cir. 1993), *abrogated on other grounds by Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) ("In cases in which jurisdiction depends upon complicated facts, however, it has been held that it is error to grant a motion to dismiss without affording the plaintiff an opportunity for discovery." (quoting 4 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 265.56 [6] (2d ed. 1991)); *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C. 1991) (when a plaintiff sets forth specific allegations, it is "an abuse of discretion to deny jurisdictional discovery...."); *Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254, 255-56 (1st Cir. 1966) (vacating district court's dismissal for lack of jurisdiction because plaintiff was entitled to "reasonably necessary" discovery in attempting to establish jurisdiction); *Crane v. Carr*, 814 F.2d 758, 760 (D.C. Cir. 1987) (plaintiff's case against a corporate defendant was improperly "dismissed with no opportunity for discovery" on the issue of jurisdiction).

Courts "have routinely ordered jurisdictional discovery where a complaint's allegations, taken as true, would fail to establish diversity jurisdiction" due to the unavailability of necessary information about a defendant's citizenship. *Tutor*, No. 20 CIV. 731 (PAE), 2020 WL 7711629, at *4; *see Burlington Ins. Co. v. MC&O Masonry, Inc.*, No. 17 Civ. 2892 (FB), 2018 WL 3321427, at *3 (E.D.N.Y. July 5, 2018) (ordering jurisdictional discovery where the complaint "does not allege the identity or citizenship of the members of" two defendant LLCs because the court "has a 'duty to inquire into [its] subject matter jurisdiction'" (quoting *F5 Capital v. Pappas*, 856 F.3d 61, 75 (2d Cir. 2017)); *Napoli-Bosse v. Gen. Motors LLC*, No. 18 Civ. 1720 (MPS), 2018 WL 11193187, at *1 (D. Conn. Nov. 27, 2018) ("If, after a diligent effort, the plaintiffs are unable to determine the citizenship of each member of GM LLC, they may file a motion requesting limited

jurisdictional discovery from the defendant to establish the existence of minimal diversity between the parties."); *Frati v. Saltzstein*, No. 10 Civ. 3255 (PAC), 2011 WL 1002417, at *6 (S.D.N.Y. Mar. 14, 2011) ("The documents currently before the Court suggest that there is a lack of complete diversity.... The Court, however, will afford Plaintiffs limited, expedited discovery on this issue, and defer consideration of Defendants['] motion to dismiss for lack of diversity until completion of such discovery."); *Caren v. Collins*, 689 F. App'x 75, 76 (2d Cir. 2017) (summary order) (remanding to district court, "following whatever additional proceedings it deems necessary, to supplement the record with findings as to the citizenship of each of the parties" where complaint did "not allege the citizenship of the individual defendants who are alleged to have been members of the limited partnership").

Here, the common practice of the Second Circuit and of other Circuits militates against dismissing Defendant NSJP for lack of diversity jurisdiction prior to jurisdictional discovery giving Plaintiff an opportunity to obtain the information necessary for determining NSJP's citizenship.

### B. NSJP goes out of its way to hide information about its organizational structure and membership that is necessary for determining its citizenship.

Courts are particularly willing to grant jurisdictional discovery for determining the citizenship of a defendant unincorporated association when a plaintiff "has been unable to unearth non-public information" about a defendant's "baroque [organizational] structure." *Tutor*, No. 20 CIV. 731 (PAE), 2020 WL 7711629, at *3; *see also Burlington*, No. 17 Civ. 2892 (FB), 2018 WL 3321427, at *3 ("Based on counsel's good faith representation that the necessary information is not publicly available, jurisdictional discovery is appropriate.").

Defendant NSJP is an unincorporated association that deliberately hides its governance and organizational structure. As an unincorporated association, it is "a citizen of each state in which it

5

has members." *Baer v. United Services Atuo. Ass'n*, 503 F.2d 393, 396 (2d Cir. 1974). While an unincorporated association's membership is generally determined by reference to its organizing documents, governance structure, and publicly-disclosed membership lists,[1] that is not possible with NSJP because it does not disclose any of that information to the public. The only information publicly known about NSJP's structure and membership is that it is led by a steering committee, the membership of which is kept anonymous.[2] It is not publicly known how the steering committee is selected, by whom, and whether NSJP has other leaders or members above or below the steering committee in its organizational structure.[3] On NSJP's website, http://www.nationalsjp.org, NSJP provides no information about how it is organized, its leadership, or its membership; it does not even mention that it is led by a steering committee.[4]

NSJP has gone out of its way to hide information about its organization, leadership, and state citizenship even where it has been relevant for determining jurisdiction in other litigation. When NSJP was sued in the Eastern District of Virginia for aiding and abetting Hamas's terror attack against Israel on October 7, 2023, NSJP disputed the court's general jurisdiction over it by stating only that it is not "at home" in Virginia and that the plaintiffs had not proven that it was.[5] NSJP avoided stating any information about where it would be "at home" instead. Similarly, when NSJP was sued in the Northern District of Illinois for aiding and abetting a protest that shut down highways near O'Hare International Airport, it denied the court's general jurisdiction over it by

---

[1] See *Vandervelde v. Put & Call Brokers & Dealers Ass'n*, 344 F. Supp. 118, 127 (S.D.N.Y.), *supplemented*, 344 F. Supp. 157 (S.D.N.Y. 1972); *Tutor*, No. 20 CIV. 731 (PAE), 2020 WL 7711629, at *2-3 (S.D.N.Y. Dec. 29, 2020).
[2] *See* Declaration of Jacob William Roth from May 15, 2025 ¶¶ 4-6 (hereinafter, "Roth Decl.") (attached as Exhibit A); Alan Blinder, *Inside the Pro-Palestinian Group Protesting Across College Campuses*, New York Times (Nov. 17, 2023), https://www.nytimes.com/2023/11/17/us/students-justice-palestine-cam.
[3] Roth Decl. ¶ 5.
[4] *Id*.
[5] Roth Decl. 6 (citing Defendant National Students for Justice in Palestine's Motion to Strike and Motion to Dismiss Plaintiffs' First Amended Complaint at 14-16, *Parizer v. AJP Educational Foundation*, No. 1:24-cv-724-RDA-IDD (E.D.Va. Oct. 29, 2024), ECF No. 118). The court has not yet ruled on NSJP's motion.

flatly stating that it had no connection with the state of Illinois and that there was not "any meaningful organizational relationship" between NSJP and its chapters and affiliates, including those in Illinois.[6] There too, NSJP avoided providing any information about its organizational structure, membership, and what citizenship it holds.

### C. What little information is publicly available about NSJP's citizenship is consistent with diversity jurisdiction.

Requests for jurisdictional discovery have "typically been authorized where the plaintiff has made 'a threshold showing that there is some basis for the assertion of jurisdiction, facts that would support a colorable claim of jurisdiction.'" *Ayyash v. Bank Al-Madina*, No. 04 CIV. 9201 (GEL), 2006 WL 587342, at *5 (S.D.N.Y. Mar. 9, 2006) (quoting *Daval Steel Prods., a Div. of Francosteel Corp. v. M.V. Juraj Dalmatinac*, 718 F. Supp 159, 162 (S.D.N.Y. 1989)); *see Stratagem Dev. Corp. v. Heron Int'l N.V.*, 153 F.R.D. 535, 547 (S.D.N.Y. 1994) (allowing jurisdictional discovery where a party made a "sufficient start" toward establishing jurisdiction despite not making a *prima facie* showing); *Kilpatrick v. Texas & P. Ry. Co.*, 72 F. Supp. 635, 638 (S.D.N.Y. 1947), *rev'd on other grounds*, 166 F.2d 788 (2d Cir. 1948) (jurisdictional discovery should be granted where "pertinent facts bearing on the questions of jurisdiction are controverted or a more satisfactory showing of the facts is necessary") (internal citations omitted). A showing that "the information that is available is consistent with diversity" is a sufficient "thresholding showing" to merit jurisdictional discovery. *Tutor*, No. 20 CIV. 731 (PAE), 2020 WL 7711629, at *3 (citing *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013); *Burlington*, No. 17 CIV. 2892 (FB), 2018 WL 3321427, at *3).

---

[6] *Id*. (citing Defendant National Students for Justice in Palestine's Motion to Dismiss Plaintiff's Second Amended Complaint and Memorandum of Law in Support at 10, *Manhart v. National Students for Justice in Palestine, et al.*, No. 1:24-cv-8209 (N.D.Ill. Feb. 25, 2025), ECF No. 80). The court has not yet ruled on NSJP's motion.

These principles have been recently applied in substantially similar circumstances in *Tutor Perini Building Corp v. New York City Regional Center, LLC*, No. 20 CIV. 731 (PAE), 2020 WL 7711629 (S.D.N.Y. Dec. 29, 2020). There, the plaintiff pled diversity jurisdiction in a suit that included multiple LLC defendants, but the plaintiff was unable to make specific allegations about the LLCs' citizenship because it could not ascertain the identities of all their members, let alone those members' individual citizenships; this included one LLC for which the plaintiff was able to identify a 99.9% interest holder but could not identify the citizenship of the remaining stakeholder(s). *Id*. at *1. The plaintiff was only able to represent to the court that, to its knowledge, no defendant was a citizen of Arizona or Nevada, where plaintiff held citizenship. *Id*. at *2. While the district court refused to apply the relaxed jurisdictional pleading standard adopted by the Third Circuit in *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015), it also refused to decide on the defendants' motion to dismiss for lack of diversity jurisdiction until the plaintiff first had the opportunity for jurisdictional discovery, citing the common practice within the Second Circuit of granting jurisdictional discovery when necessary jurisdictional facts are unknown. *Tutor*, No. 20 CIV. 731 (PAE), 2020 WL 7711629, at *2. The district court emphasized that the plaintiff had made a "sufficient 'threshold showing'" to support its claim of jurisdiction because it had "demonstrated that every entity for which complete citizenship information [was] publicly available [was] diverse from it, and that, even for the LLCs as to which it [could not] allege complete diversity, the information that [was] available [was] consistent with diversity." *Id*. at *3.

In *250 Lake Ave. Assocs., LLC v. Erie Ins. Co.*, 281 F. Supp. 3d 335, 341 (W.D.N.Y. 2017), the district court ruled similarly, denying a motion to remand and encouraging the defendant to seek jurisdictional discovery "to ascertain the citizenship of [the plaintiff LLC's] members" "if [the defendant] lack[ed] sufficient information to assert those allegations."

Here, the facts are remarkably similar to *Tutor*. NSJP's efforts at secrecy prevent Plaintiff from obtaining complete information about NSJP's members and their citizenship, but Plaintiff's research into what information is available about NSJP indicates that it does not hold New York citizenship. Plaintiff has found three individuals who have been previously identified as members of NSJP's steering committee since October 7, 2023: Sean E. Routledge (aka Sean Eren), Carrie Zaremba, and Dylan Kupsh.[7] Per a public records search of Eren, Zaremba, and Kupsh, both Eren and Zaremba currently hold Maryland addresses and Kupsh currently holds a California address.[8] There is no indication based on publicly available information that any of NSJP's other steering committee members are New York citizens.[9]

Further, NSJP's statements in interviews and litigation militate against concluding that it holds New York citizenship based on its chapters and affiliates in New York, such as those at CUNY and Columbia. NSJP has consistently maintained that it does not have a formal organizational relationship with its chapters and affiliates. In disputing the Northern District of Illinois's general jurisdiction over it, NSJP bluntly denied that it has any organizational relationship with its chapters and affiliates "such that the mere existence of an SJP chapter at DePaul or Northwestern means that NSJP can be sued in [the Northern District of Illinois]" and emphasized its position that its "chapters are autonomous and ultimately independent from NSJP."[10] Members of NSJP's steering committee—in an interview where they spoke anonymously with the New York Times—have similarly claimed that NSJP has no formal relationship with its chapters and affiliates and that NSJP has no control over them.[11] Per these

---

[7] Roth Decl. ¶ 4.
[8] *Id*. ¶ 7.
[9] *Id*.
[10] *Id*. ¶¶ 6, 8 (citing Defendant National Students for Justice in Palestine's Motion to Dismiss Plaintiff's Second Amended Complaint and Memorandum of Law in Support at 10-11, 13-14, *Manhart v. National Students for Justice in Palestine, et al.*, No. 1:24-cv-8209 (N.D.Ill Feb. 25, 2025), ECF No. 80).
[11] Blinder, *supra* note 2.

9

steering committee members, they are only advisors that "offer the local chapters little more than ideas and, from time to time, tools that they can elect to use," with NSJP's chapters and affiliates being autonomous in their organization, funding, and operation.[12]

NSJP's public position that there is no formal organizational relationship between NSJP and its chapters and affiliates has also been maintained in litigation by the SJP chapter at the University of Florida:

> UF SJP is affiliated with, but fully autonomous from, both NSJP and other SJP chapters around the country. The two have no financial relationship either, via dues or otherwise. UF SJP's Constitution states: "NSJP is not an umbrella organization of which we are a subordinate organization. Rather, NSJP serves as a coalition and networking group for SJPs and other like-minded groups on college campuses around the nation."[13]

Hatem Bazian—the founder of Students for Justice in Palestine and the founder and the chairman of Defendant AMP—has likewise referred to NSJP as merely "a symbolic franchise without a franchise fee."[14]

Based on Plaintiff's research into the citizenship of NSJP's known steering committee members and NSJP's own insistent representations that its chapters and affiliates are not "members" for purposes of state citizenship, Plaintiff has made a "sufficient threshold showing" to merit jurisdictional discovery because "the information that is available" concerning NSJP's citizenship—i.e., that it does not hold New York citizenship—"is consistent with diversity." *Tutor*, No. 20 CIV. 731 (PAE), 2020 WL 7711629, at *3.

II.  **Plaintiff requests limited jurisdictional discovery into the subjects of NSJP's organizational structure and the membership of its steering committee.**

---

[12] *Id*.
[13] Memorandum in Support of Plaintiff's Motion for Preliminary Injunction at 4-5, *Students for Justice in Palestine at the University of Florida v. Raymond Rorigues*, No. 1:23-cv-275-MW-MJR, (N.D. Fla. Nov. 16, 2023), ECF No. 3-1 (internal citations omitted).
[14] Blinder, *supra* note 2.

Because jurisdictional discovery is warranted and necessary for determining NSJP's citizenship and confirming that diversity jurisdiction exists, Plaintiff requests limited discovery into NSJP's citizenship.[15]

Plaintiff believes that depositions of and written interrogatories to NSJP's known steering committee members—Sean E. Routledge, Carrie Zaremba, and Dylan Kupsh—limited to the subjects of NSJP's organizational structure and the membership of its steering committee would be an appropriate starting point for obtaining the information necessary to confirm that diversity jurisdiction exists.[16] Courts consistently grant jurisdictional discovery through depositions, written interrogatories, and document requests limited to establishing the citizenship of an unincorporated association's members. *See Tutor*, No. 20 CIV. 731 (PAE), 2020 WL 7711629, at *4 (authorizing jurisdictional discovery into defendant LLCs' citizenship through "document requests and interrogatories sufficient to show the citizenship of all members of each defendant LLC"); *Burlington*, No. 17 Civ. 2892 (FB), 2018 WL 3321427, at *3-4 (authorizing the plaintiff to engage in jurisdictional discovery "to determine the identity and citizenship of the members" of defendant LLCS "given that its diligent efforts to discover the identity and citizenship of the LLC members ha[d] failed"); *UDG Mgmt., LLC v. Ironshore Indem. Corp.*, No. 24-CV-2777 (VEC), 2024 WL 1905833, at *2 (S.D.N.Y. May 1, 2024) (authorizing a defendant unable to "identify all the members" of two plaintiff LLCs to engage in jurisdictional through document requests, interrogatories "sufficient to show the citizenship of all members of each Plaintiff LLC," and depositions of the plaintiffs' corporate representatives); *see also Kilpatrick*, 72 F.Supp. 635 at 638 (a plaintiff's request for jurisdictional discovery through depositions on eight of a defendant's

---

[15] *See* Roth Decl. ¶¶ 10-13.
[16] *Id*.

employees "should be granted where pertinent facts bearing on the questions of jurisdiction are controverted").

As current or former steering committee members, Eren, Zaremba, and Kupsh can be expected to have pertinent information on NSJP's organizational structure and the membership of its steering committee necessary for determining its citizenship.[17] These forms of limited discovery into these two subjects would be in keeping with the courts' common practice and would neither be unduly burdensome on NSJP nor improperly stray to the merits of Plaintiff's claims regarding NSJP's liability for the assault and battery against him, and would efficiently resolve the jurisdictional question before the Court.

## CONCLUSION

For the foregoing reasons, and in response to the Court's Order to Show Cause, Plaintiff respectfully requests that the Court 1) not dismiss NSJP from the suit, 2) grant his request for jurisdictional discovery, and 3) and allow him to engage in limited discovery as to NSJP's citizenship solely for jurisdictional issues.

Dated: May 19, 2025

Respectfully submitted,

/s/ Matthew Sarelson
Matthew Seth Sarelson, Esq.
msarelson@dhillonlaw.com
305-773-1952
NYS Bar: 5278775
Jacob William Roth, Esq.
*Pro Hac Vice*
561-227-4959
JRoth@Dhillonlaw.com
DHILLON LAW GROUP, INC.
1601 Forum Plaza, Suite 403
West Palm Beach, Florida 33401

*Attorneys for Plaintiff*

[17] Roth Decl. ¶ 13.