

100 N. Central Expy. Ste. 1010
Richardson, TX 75080
972-914-2507
INFO@MLFA.ORG
MLFA.ORG

July 23, 2025

**Via ECF and Email**
The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 444
New York, NY 10007

        *Re: Horowitz v. AJP Educational Foundation, Inc. et al,*
        25-cv-3412, Defendant's request for a Pre-Motion Conference

Dear Judge Carter,

  The undersigned represent Defendant AJP Educational Foundation, Inc. d/b/a American Muslims for Palestine ("AMP"). Pursuant to Rule 2.A of the Court's Individual Practices, Defendant AMP writes to request a pre-motion conference on its anticipated motion to dismiss the complaint for lack of jurisdiction, failure to state a claim, and on First Amendment and New York State law grounds.

### I. Factual Background and Procedural History

  This litigation concerns a Complaint filed by Plaintiff against AMP on April 24, 2025. Defendant AMP is a 501(c)(3) non-profit organization incorporated in California, with its principal place of business in Virginia. Today, and at all times relevant to the allegations in Plaintiff's Complaint, AJP Educational Foundation, Inc. is the name of the single legal entity, with American Muslims for Palestine ("AMP") as its officially designated d/b/a.[1] AMP has no corporate relationship or affiliation with Defendant National Students for Justice in Palestine ("NSJP").

  On June 3, 2025, Plaintiff served Defendant AMP with the summons and Complaint for both AMP and Defendant NSJP. *See* ECF No. 16. Counsel for AMP informed Plaintiff's counsel that AMP could not accept service for NSJP, nor could counsel speak to how Plaintiff could serve NSJP. AMP's counsel also sought a brief extension to AMP's deadline to respond to Plaintiff's Complaint to July 24, 2025, to which Plaintiff consented. The Parties filed an unopposed letter on behalf of Defendant AMP seeking an extension to respond (ECF No. 14), which this Court granted the same day (ECF No. 15).

---

[1] AMP is a stand-alone organization with no corporate affiliation to separate defendant National Students for Justice in Palestine ("NSJP"). AMP takes no position on the veracity of Plaintiff's claims against NSJP, and responds on its own behalf solely as to the allegations made against AMP. This Court may take judicial notice of AMP's publicly available incorporation documents and fictitious name certificate, available through the Virginia Secretary of State's website (entity ID F2044636). *See 601 E. 226 St. LLC v. United States Liab. Ins. Grp.*, No. 24-cv-722 (ALC), 2025 U.S. Dist. LEXIS 57848, at *12 (S.D.N.Y. Mar. 27, 2025) (taking judicial notice of public records reflecting fictitious names).

Buried in five pages out of Plaintiff's 201-paged Complaint, Plaintiff alleges two claims—aiding and abetting assault and battery, and conspiracy to commit assault and battery—against AMP. Plaintiff alleges that he was attacked by an unidentified mob after he entered the City College of New York ("CCNY") campus. Complaint at ¶ 226-232. Plaintiff does not allege that the mob members were actually affiliated with AMP, and he does not allege facts tying AMP to the assault. In fact, the Complaint is largely devoid of any factual allegations about AMP. The first time Plaintiff actually refers to an action taken by one of AMP's officers does not appear until page 105 of his Complaint, where he alleges only that AMP's Executive Director spoke at an unrelated peaceful press conference on Columbia University's campus. *Id.* ¶ 189. Plaintiff also alleges that the Executive Director previously spoke to students at The George Washington University. *Id.* ¶ 190. Plaintiff's allegations against AMP otherwise hinge on Plaintiff's claim that AMP created and operates Defendant NSJP. Yet Plaintiff simultaneously alleges that an entirely different entity, WESPAC, "serves as NSJP's 'fiscal sponsor,' receiving and administering donations made to NSJP." *Id.* ¶ 40.

Plaintiff baselessly alleges that AMP and NSJP collaborated with Hamas on October 7, 2023. *Id.* ¶ 44. Plaintiff makes no allegations of any direct communication between AMP and Hamas, and instead inserts a series of conclusory statements about AMP's actions prior to and after Hamas' October 7 terrorist attacks. *Id.* ¶¶ 45-50. Plaintiff does not bring any claims against AMP based on these allegations.

## II.   The Complaint Should be Dismissed

Plaintiff's claims should be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim, and under New York's anti-SLAPP law.

*First,* the Court lacks subject matter jurisdiction over these claims. Plaintiff relies on diversity jurisdiction to bring his state law claims before this Court. Compl. ¶ 10. However, Plaintiff fails to plead facts that show damages over $75,000. *See Ventura v. Toledo*, 24-cv-5618 (JMF), 2024 U.S. Dist. LEXIS 138458, at *2-3 (S.D.N.Y. July 30, 2024). Conclusory statements, as those offered by Plaintiff, Compl. ¶10, 234, 346, do not suffice to meet his burden to demonstrate that the amount-in-controversy requirement is satisfied. *Agoliati v. Block 865 Lot 300 LLC*, No. 22-51, 2023 U.S. App. LEXIS 2011, at *5 (2d Cir. Jan. 26, 2023).

*Second*, the Court lacks personal jurisdiction over AMP. AMP is not subject to general jurisdiction in New York. N.Y. CPRL § 301. Plaintiff did not serve AMP in New York, AMP is not domiciled in New York, and Plaintiff has failed to plead any facts otherwise justifying the exercise of general jurisdiction over AMP. *Washington v. Network Presentations*, No. 1:24-cv-00299 (ALC), 2025 U.S. Dist. LEXIS 61548, at *8-9, *13 (S.D.N.Y. Mar. 31, 2025). Plaintiff also fails to plead facts about AMP's contacts with New York that could establish specific jurisdiction. Plaintiff does not plead that AMP transacts any business in New York, committed any torts in New

Hon. Andrew L. Carter, Jr.
July 23, 2025
Page 3

York, or owns any property in New York. *GH Am. Energy LLC v. Greenalia Wind Power Blue Hills, LLC*, No. 1:24-cv-05645-ALC, 2025 U.S. Dist. LEXIS 55668, at *8 (S.D.N.Y. Mar. 26, 2025) (asserting that a plaintiff must include specific facts that establish personal jurisdiction).

*Third,* Plaintiff fails to state a claim for aiding and abetting assault and battery. To sustain such a claim, a plaintiff must allege "the defendant's knowing and substantial assistance in the principal violation." *Naughright v. Weiss*, 826 F. Supp. 2d 676, 691 (S.D.N.Y. 2011). A Plaintiff must allege an "overt act" and "directly link" a defendant to the assault. *Shea v. Cornell Univ.*, 192 A.D.2d 857, 858 (3d Dep't 1993). Plaintiff fails to make any connection between AMP, a national nonprofit based in Virginia, and the individuals involved in the alleged assault at CCNY in New York City. Plaintiff also alleges no overt act taken by AMP connected with the alleged assault and battery, much less that AMP provided knowing assistance to the assault.

*Fourth*, Plaintiff fails to state a claim for civil conspiracy to commit assault and battery. "A mere conspiracy to commit a [tort] is never of itself a cause of action." *Alexander & Alexander, Inc. v. Fritzen*, 68 N.Y.2d 968, 969 (1986). The Complaint does not actually allege that AMP conspired to commit assault and battery, but rather alleges that AMP conspired to "commit tortious and unlawful acts to disrupt the CCNY and Columbia college campuses." Compl.¶ 353. Without properly alleging an underlying tort that the defendant conspired in, this claim must be dismissed. Further, the Complaint offers no specific facts demonstrating how or when AMP allegedly entered into an agreement with the assailants, the nature of any communication or meeting of the minds between AMP and the assailants regarding the assault and/or battery, or *any* specific actions taken by AMP to further the alleged assault, beyond the mere fact of the assault and/or battery itself. Plaintiff has failed to plead the "time, facts, and circumstances" regarding how the conspiracy began. *In re Platinum-Beechwood Litig.*, 427 F. Supp. 3d 395, 475 (S.D.N.Y. 2019).

*Finally*, AMP's actions merit First Amendment protection, *Snyder v. Phelps*, 562 U.S. 443, 456 (2011), and are protected by New York state law. Under New York Civ. Rights Law § 70-a(1)), designed to "decrease the 'chilling effect'" of "speech-restrictive litigation," defendants may recover costs and attorney's fees upon demonstrating that an action is based on the defendant's speech on matters of public concern and was commenced "without substantial basis in fact and law." *Heilbut v. Cassava Scies., Inc.*, No. 24-cv-05948 (JLR), 2025 WL 919654, at *6 (S.D.N.Y. Mar. 26, 2025*)* (quoting N.Y. Civ. Rights Law § 70-a(1)). Plaintiffs may additionally recover compensatory damages for a demonstration that the action was commenced for malicious or harassing purposes. N.Y. Civ. Rights Law § 70-a(1). AMP is entitled to fees and damages here.

For these and other reasons that will be detailed in AMP's submission, if needed, the complaint should be dismissed. Accordingly, AMP respectfully requests a pre-motion conference for its anticipated motion to dismiss.

Hon. Andrew L. Carter, Jr.
July 23, 2025
Page 4

Respectfully,

BELDOCK LEVINE & HOFFMAN LLP

By: _____
    Luna Droubi
99 Park Avenue, PH/26th Floor
New York, New York 10016

CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA*

By: _____
    Christina Jump**

*Counsel for Defendant AJP Educational Foundation, Inc.*

*The Constitutional Law Center for Muslims in America is the Legal Division of the Muslim Legal Fund of America.*

**pro-hac vice forthcoming*

cc: All counsel of record (via ECF and email)