

1601 Forum Place, Suite 403
West Palm Beach, FL 99401

Jacob William Roth
Phone: 561.227.4959
JRoth@dhillonlaw.com

July 28, 2025

*VIA ECF & EMAIL*

Hon. Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

    Re:    *Horowitz v. AJP Educational Foundation, et al.*, Case No. 25-cv-03412 (S.D.N.Y.), Response to Defendant AMP's Request for Permission to File a Motion to Dismiss

Dear Judge Carter:

    This firm represents Plaintiff Ami Horowitz in this matter. Pursuant to Rule 2(A) of Your Honor's Individual Rules and Practices, we respectfully submit this response the Defendant AJP Educational Foundation d/b/a American Muslims for Palestine's ("AMP") letter regarding its anticipated motion to dismiss. Plaintiff objects to AMP's proposed argument regarding New York's anti-SLAPP law. *See* ECF No. 19 at 3.

    AMP's proposed anti-SLAPP argument is frivolous and the Court should not permit AMP to include such an argument in a potential motion to dismiss because New York's anti-SLAPP is inapplicable in federal courts. "'Courts in this district have held that § 70-a is inapplicable in federal court because its substantial basis standard articulated in New York's anti-SLAPP law conflicts with the standards under Federal Rules of Civil Procedure 12 and 56.'" *Editor's Pick Luxury LLC v. Red Points Sols. SL*, No. 1:22-CV-07463 (ALC), 2023 WL 6385993, at *6 (S.D.N.Y. Sept. 29, 2023) (quoting *Prince v. Intercept*, No. 21-CV-10075, 2022 WL 5243417, at *18 (S.D.N.Y. Oct. 6, 2022)); *see also Nat'l Acad. of TV Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 432 (S.D.N.Y. 2021) (ruling that the New York anti-SLAPP inapplicable in federal court because it conflicts with Federal Rules of Civil Procedure 12 and 56); *Carroll v. Trump*, 590 F. Supp. 3d 575, 85–86 (S.D.N.Y. 2022) (same); *La Liberte v. Reid*, 966 F.3d 79, 87–88 (2d Cir. 2020) (noting that California's similar anti-SLAPP law held inapplicable in federal court because it conflicts with Federal Rule of Civil procedure 12 and 56).

    Additionally, Plaintiff would like to address AMP's other proposed arguments regarding the sufficiency of Plaintiff's pleading.

I.  **Plaintiff has sufficiently alleged that the amount in controversy for diversity jurisdiction is satisfied.**

Plaintiff has alleged sufficient facts to establish the Court's subject matter jurisdiction over the claim. AMP's argument that Plaintiff has insufficiently alleged that his claims meet the amount in controversy for diversity jurisdiction relies in large part upon a case concerning the standard for establishing the amount in controversy in a Notice to Remove a proceeding from state court to federal court. *See* ECF No. 19 at 2 (citing Memorandum and Order at 2–3, *Ventura v. Toledo*, Case No. 24-cv-5618 (JMF) (S.D.N.Y. July 30, 2024)). That standard is stricter than the standard at the pleading stage, where a plaintiff need only allege in good faith that the amount in controversy is met. *Pucha v. Peters*, No. 23-CV-4113(DLI)(SJB), 2023 WL 6121797, at *1–*2 (E.D.N.Y. Sept. 19, 2023). A plaintiff's punitive damages claims are included in meeting the threshold for the amount in controversy for diversity actions. *Fairfield Fin. Mortg. Grp., Inc. v. Luca*, 584 F. Supp. 2d 479, 484 (E.D.N.Y. 2008). And a plaintiff may aggregate the value of his civil conspiracy claims against defendants who are co-conspirators. *Schwab v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 992, 1036–37, 1273–74 (E.D.N.Y. 2006), *rev'd on other grounds McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215 (2d Cir. 2008).

Here, Plaintiff's claim that the amount in controversy is satisfied is supported by his allegations that he was harmed by the assault and battery on his person—resulting in personal injury, pain and suffering, and attendant costs—and that he seeks punitive damages against both AMP and Defendant National Students for Justice in Palestine ("NSJP") for their liability for aiding and abetting the attack and as co-conspirators in the unlawful plan to take over the CUNY campus that resulted in the attack. Compl. ¶¶ 234, 349–50, 355–56, and at 200. Taken together, Plaintiff's aggregated claims for compensatory and punitive damages against both Defendants plausibly satisfies the requirement for a good faith pleading for claims in excess of $75,000 and thus the amount in controversy is met.

II. **The Court has specific jurisdiction over AMP because Plaintiff alleges that AMP is liable for tortious acts that occurred in New York.**

AMP inaccurately states that Plaintiff has failed to plead facts that would establish the Court's specific jurisdiction over it, including the incorrect assertion that Plaintiff has not pled that AMP committed any torts in New York. *See* ECF No. 19 at 2–3. Under New York's long-arm statute, where a defendant is alleged to have committed a tortious act that occurred within New York, he is subject to specific jurisdiction under C.P.L.R. § 302(a)(2). *Pilates, Inc. v. Pilates Inst., Inc.*, 891 F. Supp. 175, 181–82 (S.D.N.Y. 1995); *Davidoff v. Davidoff*, 819 N.Y.S.2d 209 (Sup. Ct. 2006). Plaintiff directly alleges in his Complaint that AMP is liable for two torts against him that occurred in New York: 1) aiding and abetting the assault and battery against him at CCNY's campus; and 2) conspiracy to commit the assault and battery against him at CUNY's campus. Compl. ¶¶ 345–356. Furthermore, a co-conspirator is subject to specific jurisdiction where a co-conspirator's overt acts furthering the conspiracy occurred in the forum state. *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 86–87 (2d Cir. 2018); *Bangladesh Bank v. Rizal Com. Banking Corp.*, 208 N.Y.S.3d 2, 18–19 (2024). Here, the overt acts to further the conspiracy pled in the Complaint took place in New York, thus granting the Court jurisdiction over AMP as a co-conspirator. Compl. ¶ 354.

### III. AMP is liable for aiding and abetting the assault and battery on Plaintiff due to its systematic involvement in the encampment protestors' wrongdoing.

Plaintiff has alleged sufficient facts to establish AMP's liability for aiding and abetting the assault and battery against him. "[A] secondary defendant's role in an illicit enterprise can be so systemic that the secondary defendant is aiding and abetting every wrongful act committed by that enterprise." *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 496 (2023) (citing *Halberstam v. Welch*, 705 F.2d 472, 487–88 (D.C. Cir. 1983)); *see Ashley v. Deutsche Bank Aktiengesellschaft*, No. 23-132, 2025 WL 2025448 (2d Cir. July 21, 2025) (relying on *Twitter* and *Halberstam* as the basis for aiding and abetting analysis). Here, Plaintiff has adequately pled that AMP is liable for aiding and abetting the assault and battery on Plaintiff by the protestors at the CUNY encampment because it knowingly, intentionally, and systematically assisted the wrongdoing of those protestors in creating the CUNY encampment for the purpose of violently taking over the CUNY campus, and that the assault and battery on Plaintiff was a foreseeable result of the wrongful conduct that AMP aided and abetted.

### IV. Plaintiff has sufficiently pled that AMP was a participant in a civil conspiracy which the assault and battery against him was done to further.

"To establish a claim of civil conspiracy, the plaintiff must demonstrate the primary tort plus the following four elements: "(1) an agreement (2) to participate in an unlawful act, '(3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme'" *Lindsay v. Lockwood*, 625 N.Y.S.2d 393, 397 (Sup. Ct. 1994) (quoting *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983)). The agreement to commit the unlawful acts that forms the basis for the conspiracy need not be to commit the underlying tort that harmed the plaintiff; the underlying tort need only have been perpetrated by one of the conspirators as an overt act in furtherance of the conspirators' common unlawful plan. *Freeman v. HSBC Holdings PLC*, 57 F.4th 66, 80 (2d Cir.), *cert. denied*, 144 S. Ct. 83, 217 L. Ed. 2d 17 (2023) (citing *Halberstam*, 705 F.2d at 477). The conspirators' agreement to a common plan may be shown by circumstantial evidence and courts have consistently recognized that conspiracies are difficult to allege by direct evidence because of their inherently secretive nature. *See Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 240 (2d Cir. 1999) ("As is true in criminal conspiracies, agreements in civil conspiracies will not easily be shown by direct evidence, but may be inferred from circumstantial evidence."); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 175 F. Supp. 2d 593, 634–35 (S.D.N.Y. 2001).

Here, Plaintiff adequately pled the underlying tort of assault and battery he suffered and the additional elements for conspiracy: 1) that AMP and NSJP were part of an agreement with the CUNY and Columbia NSJP chapters 2) to unlawfully take over part of the CUNY campus through violence and intimidation to force CUNY to capitulate to their demands, and 3) that Plaintiff was harmed by an over act of the protestors in the CUNY and Columbia NSJP chapters 4) in furtherance of the common plan to violently take over and dominate the CUNY campus. Compl. ¶¶ 353–56. Plaintiff adequately alleges AMP's agreement to participate in the conspiracy through circumstantial evidence, including its role as a planner and originator of the encampment operation of which the CUNY encampment was a part and its role with/through NSJP directing resources, support, and encouragement to the CUNY encampment, including for the purpose of violent defense of the encampment, and its defense of the CUNY encampment's protestors for their violent

conduct as part of the encampment. *See* Compl. ¶ 353. Taken together, these and other acts by AMP are sufficient circumstantial evidence at the pleading stage to infer AMP's agreement to and participation in the common plan to unlawfully and violently take over part of CUNY's campus with the CUNY encampment. *See In Methyl Tertiary Butyl Ether*, 175 F. Supp. 2d at 635 ("Plaintiffs are not required to allege the specific facts surrounding the conspiracy at this stage of the litigation where "the necessary information [may be] within the knowledge and control of the defendant[s]." (citation omitted)).

Respectfully submitted,

**DHILLON LAW GROUP, INC.**

/s/   *Jacob William Roth*
      Jacob William Roth

cc: All Counsel (By ECF)