UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
:
AMI HOROWITZ                                                    :
:
                Plaintiff,                                 :
:
v.                                                              :     Civil Case No. 1:25-cv-3412 (ALC)
:
AJP EDUCATIONAL FOUNDATION,                                     :
INC. d/b/a AMERICAN                                             :
MUSLIMS FOR PALESTINE and                                       :
NATIONAL STUDENTS FOR JUSTICE                                   :
IN PALESTINE,                                                   :
:
                Defendants.                                :
:
----------------------------------------------------------------X

**MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT NATIONAL STUDENTS FOR JUSTICE IN PALESTINE AND TO SERVE BY PUBLICATION**

Plaintiff Ami Horowitz ("Plaintiff"), by and through undersigned counsel, moves this Court to extend the time to serve Defendant National Students for Justice in Palestine ("NSJP") under Federal Rules of Civil Procedure 4(m) and 6(b), as well as for an order permitting service by publication pursuant to Federal Rule 4(e) and Section 308(5) of the New York Civil Practice Law & Rules. Plaintiff seeks an extension of eight weeks after the date of entry of the publication order, or any other period the Court deems appropriate.

**FACTUAL BACKGROUND**

Plaintiff filed the Complaint initiating this matter against Defendants AJP Educational Foundation, Inc. d/b/a American Muslims for Palestine ("AMP") and National Students for Justice in Palestine ("NSJP") on April 24, 2025. ECF No. 1. This Court issued a summons to NSJP on April 25, 2025. ECF No. 6. The 90-day period for service under Rule 4(m) expired on July 24, 2025. Plaintiff successfully served AMP through a process server on June 13, 2025. ECF No. 16.

1

On July 18, 2025, in advance of the end of the expiration of the service period, Plaintiff filed a letter motion with the Court seeking an extension of time to serve NSJP and for permission to file a motion for extension of time to serve NSJP and for an order permitting service by publication. ECF No. 17. On August 1, 2025, the Court granted Plaintiff leave to file a motion to extend the time for service on NSJP and for an order permitting service by publication by August 22, 2025.

Unlike with AMP, Plaintiff has encountered tremendous difficulties in serving NSJP. NSJP is an unincorporated association that is organized and operated in a manner that is elusive of service. Declaration of Jacob William Roth ("Roth Decl.") ¶ 4 (attached as Exhibit A). It has no formal or disclosed principal place of business or other physical location, no publicly identified leadership structure and no named leaders, and maintains no registered agents. *Id*. Simply put, NSJP provides no means for identifying and locating any individuals through whom service of process may be effected. While Plaintiff maintains that Defendant AMP is the controlling organization behind NSJP, AMP denies that it is the same entity as NSJP, refuses to accept service on its behalf, and denies that it has any knowledge or means for contacting NSJP or effecting service of process upon it. *Id*. ¶ 7.

Despite NSJP's evasion of service of process through obscuring and hiding its operations and leadership, Plaintiff has determined, based on news reporting about NSJP, that it appears to be led by a steering committee, and has identified three individuals who have previously been acknowledged in reporting and public statements as members of NSJP's steering committee: Sean Eren, Carrie Zaremba, and Dylan Kupsh. *Id*. ¶ 4. It is currently unknown whether these individuals are still members of NSJP's steering committee or even whether they are still involved with NSJP in general. *Id*. ¶ 6.

Plaintiff's counsel used Westlaw's public records database to locate the last known addresses for all three individuals and arranged for professional process servers to serve them. *Id*. ¶ 8. The process servers attempted service on Kupsh in California and on Eren and Zaremba in Maryland. *Id*. ¶ 8-9. The attempts were unsuccessful. A server tried eight different times between June 1, 2025, and June 27, 2025, at Kupsh's last known address in Huntington Beach, California, but there was never a response and neighbors were not helpful. *Id*. ¶ 9. A server tried at Eren's last known address in Hyattsville, Maryland and received no response, and a neighbor stated unfamiliarity with Eren. *Id*. A server tried at Zaremba's last known address in Baltimore, Maryland, but the responding occupant stated that she no longer lives at the address. *Id*.

Plaintiff's difficulties serving NSJP mirror the difficulties faced by other plaintiffs bringing claims against NSJP. NSJP has been sued in the Eastern District of Virginia in *Parizer, et al. v. AJP Educational Foundation Inc.*, Case No. 1:24-cv-724-RDA-IDD (E.D. Va.) by victims of Hamas's October 7, 2023, terrorist attack on Israel for its role aiding and abetting Hamas. Roth Decl. ¶ 10. The plaintiffs in *Parizer* had similar issues to Plaintiff in serving NSJP, attempting and failing to serve Kupsh due to his evasiveness and struggling to effect service by any traditional means due to NSJP's secrecy and refusal to maintain or disclose a physical location or its leadership. *Id*. ¶ 10. The plaintiffs in *Parizer* were unable to serve NSJP within the 90-day service period and successfully requested an extension of time for service and an order permitting service by publication. *Id*. Following the court's order granting service by publication, counsel for NSJP swiftly appeared in that matter less than two weeks later. *Id*. ¶ 10.

In a good-faith effort to find some viable means for effecting service on NSJP, Plaintiff's counsel contacted three of the attorneys who entered appearances for NSJP in *Parizer*—Abdel-

3

Rahman Hamed, Collin Poirot, and Mark Klein[1]—by email to inform them of this litigation and inquire whether they either represent NSJP in this matter or know who does, and whether NSJP was willing to waive service. *Id*. ¶ 11. Plaintiff's counsel requested they forward the request for waiver of service to NSJP even if they do not represent NSJP in this matter. *Id*. Plaintiff's counsel attached to his email a form for waiver of service and a filed copy of the Complaint in this matter. *Id*. Over a month after making this inquiry, Plaintiff's counsel has still received no response from NSJP's counsel. *Id*.

Due to these issues with NSJP's operational secrecy, service was unable to be effected on NSJP prior to the July 24, 2025, end of the service period, and it does not appear that service will otherwise be practicable on NSJP through traditional means. *Id*. ¶ 12.

**ARGUMENT**

**I.       Good cause warrants an extension of time for service.**

Under Federal Rules of Civil Procedure 4(m), a district court must extend the time limit for service upon a showing of good cause. *See Cassano v. Altshuler*, 186 F. Supp. 3d 318, 322 (S.D.N.Y. 2016) (under Fed. R. Civ. P. 4(m), a mandatory extension of time for service is available for good cause shown after the expiry of the service period); *see also Acot v. New York Med. Coll.*, 153 F.R.D. 517, 522 (S.D.N.Y. 1993). Good cause exists where the plaintiff has made reasonable and diligent efforts to serve the defendant within the prescribed time frame but has not succeeded due to factors outside his control, and where the delay in service would not prejudice the defendant. *See Cassano*, 186 F. Supp. 3d at 322 (quoting *Spinale v. United States*, No. 03–cv–1704, 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005), *aff'd*, 352 Fed. Appx. 599 (2d Cir.2009)) (a plaintiff

---

[1] Strangely, NSJP's fourth attorney in *Parizer*, Jonathan Wallace, does not have an email address listed with his contact information on the docket for that case: the location where the email address would be simply states "**NA**." Roth Decl. ¶ 11.

4

demonstrates good cause where, "despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control"); *Fantozzi v. City of New York*, 343 F.R.D. 19, 26 (S.D.N.Y. 2022) ("Factors deemed outside of the plaintiff's control typically include sudden illness, natural catastrophe or evasion of service of process.").

Courts assessing good cause consider whether prejudice to the defendant would result from an extension. *Cassano*, 186 F. Supp. 3d at 322; *Fantozzi*, 343 F.R.D. at 26. In determining whether to extend time for service, courts also consider the possibility that a potential dismissal without prejudice under Rule 4(m) would effectively be a dismissal with prejudice due to the expiration of the statute of limitations. *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007). Generally, diligent efforts to serve the defendant involve inquiring into an appropriate address where the defendant can be served and making multiple service attempts upon the defendant. *See Martinez v. Iqbal*, No. 2:24-CV-01792 (GRB) (JMW), 2025 WL 1309874, at *3-4 (E.D.N.Y. Mar. 26, 2025); *United States v. Veeraswamy*, 765 F. Supp. 3d 168, 192 (E.D.N.Y. 2025) ("Courts have found the due diligence standard to be met . . . when the plaintiff attempts service at least three times, 'optimally on non-consecutive days.'") (citation omitted)).

Here, Plaintiff satisfies each of the factors for demonstrating good cause for an extension.

First, Plaintiff has been unable to serve NSJP due to a factor outside of his control: NSJP's structural evasiveness of service. NSJP provides no means for effecting service upon it. It has no disclosed place of business or physical location; it has no identified staff or leadership; it has no registered agents. Plaintiff's counsel had to comb through public reporting and legal filings related to NSJP to identify any individuals who *might* be members of its apparent leadership, the NSJP steering committee, and then conduct a public records search to find their last known addresses.

Doing so, Plaintiff's counsel identified three individuals who are potentially current members of NSJP's steering committee and arranged for service upon each of them. But these service attempts were unsuccessful because all three of these individuals appear to no longer be located at their last known addresses or are evading service. Plaintiff's counsel further reached out to three attorneys who represent NSJP in ongoing litigation in the Eastern District of Virginia to inquire whether they represent NSJP in this matter and whether NSJP is willing to waive service, but Plaintiff's counsel has received no response. Thus, despite Plaintiff's diligent efforts to identify NSJP's potential leaders and serve them and to identify counsel for NSJP through whom contact with NSJP can be established, Plaintiff's efforts to serve NSJP have been stymied by NSJP's deliberate opacity in its operations.

Second, NSJP would not be prejudiced by an extension of Plaintiff's time for service. No significant filings have been made in this matter and the litigation remains at its earliest stage. Defendant AMP has not yet filed its first responsive pleading to Plaintiff's Complaint.

Third, Plaintiff would be prejudiced by a denial of his request for an extension of time. As reflected by the difficulties with serving NSJP described above, Plaintiff was unable to serve NSJP by traditional means before the expiration of the service period on July 24, 2025, and does not appear likely to be able to accomplish service on NSJP by traditional means generally. As the one-year statute of limitations for Plaintiff's claims for aiding and abetting assault and battery and for civil conspiracy have run, a potential dismissal without prejudice under Federal Rule of Civil Procedure 4(m) for failure to serve would in effect be a dismissal with prejudice. It is in the interest of justice for Plaintiff not to have his claims against NSJP subject to dismissal with prejudice due to NSJP's deliberate secrecy making service upon it impracticable. *See generally Cassano*, 186 F.

Supp. 3d at 323 (reflecting that the potential for dismissal of plaintiff's claims with prejudice due to expiration of statute of limitations is a factor that favors extending time for service).

Accordingly, Plaintiff has shown good cause for extending the deadline to serve NSJP under Rule 6(b).

## II.     Service by publication is appropriate to apprise NSJP of this action.

Under Federal Rule of Civil Procedure 4(h)(1)(A), service may be affected upon an unincorporated association "in the manner prescribed Rule 4(e)(1) for serving an individual." Rule 4(e)(1) permits service to be affected pursuant to the law of the forum state or the state in which service is effected. In New York, service may be effected:

> in such manner as the court, upon motion without notice directs, if service is impracticable under paragraphs one [personal service], two [leave and mail service] and four [nail and mail service] of this section.

*S.E.C. v. HGI, Inc.*, No. 99 CIV. 3866 (DLC), 1999 WL 1021087 (S.D.N.Y. Nov. 8, 1999) (quoting New York State Civil Practice Law and Rules § 308(5)); *see also Plitman v. Leibowitz,* 990 F.Supp. 336, 338 (S.D.N.Y.1998) (under § 308(5), courts have discretion to order means of service that are adapted to the facts of the case). Where service is impracticable under traditional means, it may be effected via publication. *HGI, Inc.*, No. 99 CIV. 3866 (DLC), 1999 WL 1021087, at *1. "Section 308(5) requires a showing of impracticability of other means of service, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Id*. (citing *Franklin v. Winard,* 592 N.Y.S.2d 726, 727 (1st Dep't 1993). "The meaning of "impracticability" depends upon the facts and circumstances of the particular case." *Id*. (citing *Markoff v. South Nassau Community Hospital,* 458 N.Y.S.2d 672, 673 (2d Dep't 1983)).

Service by publication is appropriate where a traditional method of service is impracticable and when it is reasonable to conclude that the defendant is likely to read the newspaper in which

7

the notice is published, particularly when the defendant is otherwise on notice that there may be a case pending against him. *Javier H. v. Garcia-Botello*, 217 F.R.D. 308, 309 (W.D.N.Y. 2003). "Where the plaintiff can show that deliberate avoidance and obstruction by the defendants have made the giving of notice impossible, statutes and caselaw have allowed substitute notice by mail and publication in media of general and wide circulation." *Securities & Exchange Commission v. Tome,* 833 F.2d 1086, 1092 (2d Cir.1987).

Here, service by publication is appropriate because NSJP has made service by traditional means impracticable or even impossible. It has no formal or even identified place of business or other physical location, no formally identified leadership or staff who can be located and served, no registered agents, and maintains secrecy and elusiveness about its organization and operations. As recounted above, Plaintiff's counsel has researched and investigated NSJP to determine some means by which NSJP may be served and has located three individuals who *may* be present members of the steering committee that apparently leads NSJP, but Plaintiff has been unable to successfully serve them despite repeated attempts to do so. Plaintiff has further contacted counsel for NSJP who represent it in another federal matter, inquiring whether they represent NSJP in this matter or know who does, and whether NSJP will agree to waive service, but Plaintiff has received no response.

Because NSJP has systematically oriented its operations in a manner that defeats the means by which service may traditionally be made, service by publication is appropriate and necessary. Furthermore, NSJP almost certainly has actual notice of this action because of Plaintiff's counsel's contact with NSJP's attorneys, public reporting on this litigation,[2] and because of Defendant AMP's intimate association with NSJP.

---

[2] Nick Mordowanec, *Pro-Palestinian Activists 'Mobbed, beat' Filmmaker Holding US Flag: Lawsuit*, Newsweek (May 21, 2025), https://www.newsweek.com/gaza-israel-palestinians-protests-war-lawsuit-2074813.

For this reason, Plaintiff requests that the Court enter an order permitting service on NSJP by publication pursuant to Federal Rule of Civil Procedure 4(e)(1) and C.P.L.R. § 308(5). Plaintiff's Proposed Order of Publication is attached as Exhibit B.

## CONCLUSION

Good cause justifies extending the time for service under Federal Rules of Civil Procedure 4(m) and 6(b) and an order of publication is necessary to properly notify NSJP of this action. Plaintiff thus moves the Court to enter an order permitting service on NSJP by publication and to extend the time for service for eight weeks after entry of the publication order, or for any other period the Court deems appropriate.

Dated: August 22, 2025.                                  Respectfully submitted,

/s/ Jacob William Roth
Jacob William Roth
*Pro Hac Vice*
jroth@dhillonlaw.com
561-227-4959
Matthew Seth Sarelson
msarelson@dhillonlaw.com
305-773-1952
NYS Bar: 5278775
DHILLON LAW GROUP, INC.
1601 Forum Plaza, Suite 403
West Palm Beach, Florida 33401

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of August, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Jacob William Roth
Jacob William Roth

4903-9407-7014, v. 2