

Contarino Roth LLC
2255 Glades Road, Suite 324A
Boca Raton, FL 33431

Jacob William Roth
561-872-6508
jroth@contarinoroth.com

May 7, 2026

*VIA ECF & EMAIL*

Hon. Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

>      Re:    *Horowitz v. AJP Educational Foundation, Inc., et al.*, **Case No. 25-cv-03412 (ALC)**
>             **(S.D.N.Y.)**

Dear Judge Carter:

This firm represents Plaintiff Ami Horowitz ("Plaintiff" or "Horowitz") in this matter. Pursuant to Rule 2(A) of Your Honor's Individual Rules and Practices, we respectfully submit this response letter to clarify Plaintiff's position on Defendant AMP's request for an extension of time for its motion for reconsideration.

On May 4, 2026, AMP's counsel Ms. Luna Droubi contacted the undersigned to ask if Plaintiff would consent to a further extension of time for AMP to file its motion for reconsideration. Because Ms. Droubi had previously communicated AMP's desire to stay discovery pending resolution of its motion to dismiss, the undersigned asked Ms. Droubi to clarify whether AMP would seek a stay of discovery pending resolution of its motion for reconsideration as well. Ms. Droubi confirmed that AMP intends to do so. It is for this reason only that Plaintiff does not consent to the extension of time.

Plaintiff's position is that there should not be a stay of discovery in this matter while the motion for reconsideration is pending. In the Second Circuit, discovery is not automatically stayed "when either a motion for reconsideration of a 12(b) or a motion for summary judgment is pending." *Jenkins v. Miller*, No. 2:12-cv-184, 2020 U.S. Dist. LEXIS 157154, at *8 (D. Vt. Aug. 31, 2020). A stay of discovery requires the moving party to show good cause, which does not exist where the plaintiff has a meritorious claim and is at risk of unfair prejudice from the stay. *Blaker v. Emil Capital Partners*, No. 1:23-cv-10543, 2024 U.S. Dist. LEXIS 144578, at *4 (S.D.N.Y. July 8, 2024); *see also K.A. v. City of N.Y.*, No. 16-CV-4936 (LTS) (JW), 2025 U.S. Dist. LEXIS 101778, at *3 (S.D.N.Y. May 28, 2025) ("Good cause requires a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" (quoting *Republic of Turkey v. Christie's, Inc.*, No. 17-CV-3086 (ALN) (SDA), 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018))).

"The Second Circuit has stated that the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied," especially "where the moving party is merely trying to relitigate an already decided issue." *K.A.*, No. 16-CV-4936 (LTS) (JW), 2025 U.S. Dist. LEXIS 101778, at *4 (citing *Kumaran v. Nat'l Futures Ass'n*, No. 20-CV-3668 (GHW), 2023 U.S. Dist. LEXIS

May 7, 2026
Page 2 of 2

74469, 2023 WL 3160116, at *1 (S.D.N.Y. Apr. 28, 2023); *Padilla v. Maersk Line, Ltd.*, No. 07-CV-3638 (PKL), 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009)). Because Plaintiff's claim is unlikely to be dismissed based on the motion for reconsideration AMP intends to file in immediate response to the Court's order denying its motion to dismiss, delaying discovery would only prejudice Plaintiff. *Blaker*, No. 1:23-cv-10543, 2024 U.S. Dist. LEXIS 144578, at *7 ("Indeed, in cases like this one where it is highly unlikely that any or all of Plaintiffs' claims will be dismissed, courts have found that 'delaying discovery . . . only prejudices the Plaintiff.'" (quoting *Morales v. Next Stop 2006, Inc.*, No. 1:22-cv-03311 (JLR), 2022 U.S. Dist. LEXIS 196021, at *1 (S.D.N.Y. Oct. 27, 2022))).

Courts are particularly mindful of potential prejudice to a plaintiff from a discovery stay when the case has been pending for more than a few months. In *Blaker*, a major part of the court's reason for denying a discovery stay was that the case had been "filed over seven months ago" and "delaying discovery any further threaten[ed] to leave Plaintiff's case vulnerable to the types of problems that arise with the passage of time—for example, 'witnesses' memories . . . fading.'" *Id*. at *6–*7 (quoting *Mirra v. Jordan*, No. 15CV4100ATKNF, 2016 U.S. Dist. LEXIS 30492, 2016 WL 889559, at *3 (S.D.N.Y. Mar. 1, 2016)). Here, that same concern applies with even greater force because Plaintiff filed his case over one year ago in April 2024.

Because of Plaintiff's acute concerns about prejudice to his case and because AMP intends to seek a stay of discovery while the motion for reconsideration is pending, Plaintiff cannot consent to AMP's requested extension of time and the attendant risk that it would extend the length of any potential discovery stay that AMP seeks. It is for this reason only that Plaintiff does not consent to AMP's request. If AMP did not intend to seek a discovery stay or if there were no prospect of a discovery stay, Plaintiff would gladly agree to AMP's requested extension of time.

Respectfully submitted,

*/s/ Jacob William Roth*
Jacob William Roth

cc: All Counsel of Record (via ECF)