BELDOCK LEVINE & HOFFMAN LLP
99 PARK AVENUE, PH/26TH FLOOR
NEW YORK, N.Y. 10016

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

JONATHAN C. MOORE
DAVID B. RANKIN
LUNA DROUBI
MARC A. CANNAN
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

COUNSEL
PETER S. MATORIN
CYNTHIA ROLLINGS
KAREN L. DIPPOLD
JODY YETZER
MARJORY D. FIELDS
EMILY JANE GOODMAN
(JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN
SAM KOOLAQ
ASHA SMITH
MATTHEW MELEWSKI

REF:

WRITER'S DIRECT CONTACT:

August 27, 2026

**VIA ECF**
The Honorable Andrew L. Carter, Jr
United States District Court Judge
40 Foley Square
New York, NY 10007

Re: *Horowitz v. AJP Educational Foundation, Inc., et al.,* Case No. 25-cv-03412 (ALC)

Defendant AJP Educational Foundation, Inc. d/b/a American Muslims for Palestine ("AMP") respectfully requests a pre-motion conference for leave to file a motion with this Court to certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), the Court's oral order denying AMP's motion for reconsideration of the Court's Opinion and Order denying AMP's motion to dismiss Plaintiff's civil conspiracy claim against it. (Dkt. No. 73).

Defendant AMP respectfully disagrees with Your Honor's decisions on the specific legal question of whether, under New York Law, a plaintiff may proceed on a civil conspiracy claim without a viable underlying tort claim against a Defendant in the litigation as relevant in this case. We believe that the Court's rulings contradict existing New York State Court of Appeals and Second Circuit precedent. The Second Circuit will ultimately resolve this question. Certifying for Second Circuit review now could resolve his case as a matter of law, prevent years of unnecessary litigation, and preserve an extraordinary amount of judicial and party resources.

**Relevant Background**

Plaintiff believes that Defendant AMP should be held liable for injuries Plaintiff suffered at the hands of unnamed and unidentified assailants, at a university protest unaffiliated with AMP, because an AMP representative gave a public speech at an altogether different university days earlier. On August 22, 2025, Defendant AMP filed a motion to dismiss the claims against it. (Dkt.

No. 27.) In its Opinion and Order dated April 1, 2026, the Court dismissed an aiding-and-abetting claim, but permitted the civil conspiracy claim against AMP to proceed. (Dkt. No. 51.) The sole surviving claim against AMP is for civil conspiracy to commit assault and battery. There is no actionable underlying assault and battery claim.

Defendant AMP subsequently filed a motion for reconsideration, requesting this Court reconsider one issue: whether a lawsuit can proceed on a stand-alone claim for civil conspiracy without a viable related underlying tort. (Dkt. No. 63.) On June 15, 2026, this Court held a telephonic status conference in which Your Honor orally denied Defendant's motion for reconsideration without further discussion. (Dkt. No. 73.)

## Legal Standard

An appeal may be taken from an otherwise non-appealable interlocutory order if it:

(i) involves a controlling question of law,

(ii) as to which there is substantial ground for difference of opinion, and

(iii) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

If the district court so certifies, the Court of Appeals may, in its discretion, permit the appeal if the petition for appeal is filed within ten days after entry of the certified order.

## Argument

### I. The Orders Present a Controlling Question of Law

The question to be certified for appeal "must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 697 F. Supp. 3d 126, 132 (S.D.N.Y. 2023) (quoting *Youngers v. Virtus Inv. Partners Inc.,* 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017)). "A question of law is controlling where: '(1) reversal of the district court's opinion could result in dismissal of the action, (2) reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or (3) the certified issue has precedential value for a large number of cases.'" *Id.* (citation omitted). *Set Capital LLC*, 2026 U.S. Dist. LEXIS 41992, at *8 (S.D.N.Y. Feb. 27, 2026); *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21 (2d Cir. 1990) (holding that a question of law may be "controlling" even if reversal would not terminate the entire action, so long as reversal could materially affect the course of the litigation.).

Here, the appeal will involve a controlling question of law. The Second Circuit does not need to study the factual record to determine whether New York State allows a standalone claim for civil conspiracy without an underlying viable related tort claim. This is a pure question of law, the reversal of which could result in dismissal of the action, or would at least significantly affect the course of the litigation by requiring dismissal of AMP from the lawsuit.

## II. Substantial Ground for Difference of Opinion Exists

Substantial ground for difference of opinion exists. The Court has held that alleging facts of an underlying tort without making out an actionable underlying tort claim against a Defendant in the litigation permits a plaintiff to proceed on a sole cause of action of civil conspiracy. However, the highest court in New York, other courts in this district, and the Second Circuit, have repeatedly found that plaintiffs cannot proceed on claims of civil conspiracy without an underlying viable related tort claim. Here, no viable related underlying assault or battery claim exists. These contradictory conclusions could lead to inconsistent rulings and confusion as to the proper manner to allege a conspiracy claim. Certifying this question for appeal ensures resolution of this substantial legal difference in opinion.

Legal precedent supports Defendant AMP's position. The Second Circuit explained that a plaintiff must allege a "cause of action" for a tort "underlying the alleged conspiracy," because "New York does not recognize an independent tort of conspiracy." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006). The New York Court of Appeals repeatedly held that "a mere conspiracy to commit a tort is never of itself a cause of action." *Alexander & Alexander, Inc. v. Fritzen*, 68 N.Y.2d 968, 969 (NY 1986) (cleaned up) (quoting *Brackett v. Griswold*, 112 N.Y. 454, 467 (NY 1889)); *Carlson v. Am. Int'l Grp., Inc.*, 30 N.Y.3d 288, 310 (NY 2017) ("New York does not recognize a freestanding claim for conspiracy."). Other New York courts and federal courts in this district dismissed conspiracy claims in nearly identical circumstances. *E.g.*, *AT&T Corp. v. Atos IT Sols. & Servs.*, 705 F. Supp. 3d 206, 235 (S.D.N.Y. 2023) ("[s]ince civil conspiracy must be derivative of an underlying tort, a civil conspiracy claim should be dismissed if the underlying tort claim either is not adequately pleaded or has been dismissed"); *Charney v. Sullivan & Cromwell LLP*, 851 N.Y.S.2d 57, 57 (N.Y. Co. Sup. Ct. 2007) ("In light of my dismissal of the third cause of action, there is no longer any underlying tort cause of action in the complaint, to which the conspiracy cause of action could be connected. Under these circumstances, New York law does not recognize a cause of action for conspiracy.").

AMP believes these authorities require dismissal where the only remaining claim against it is conspiracy, and no viable underlying related tort claim—assault or battery—remains in the case. Plaintiff, by contrast, argues that a civil conspiracy claim may proceed when the complaint alleges facts showing that an underlying tort occurred, even if those facts are insufficient to

substantiate a separate cause of action against a defendant in the suit for that tort. The difference of opinion as to whether facts merely alleged suffice, or facts manifesting a viable cause of action against a defendant in this matter suffice, creates the substantial legal difference of opinion.

AMP relies on substantial precedent for its difference of opinion from Plaintiff and from the impact of the Court's ruling, thereby warranting interlocutory appeal.

**III. Immediate Appeal May Materially Advance the Litigation**

An immediate appeal of the question of law at issue will materially advance the ultimate progression of this litigation. If the Second Circuit agrees that New York law does not allow a stan-dalone conspiracy claim, the case against AMP will be dismissed. Reaching this conclusion at this stage of litigation conserves time, money and judicial resources.

By contrast, denying certification will require the parties and the Court to proceed through discovery toward a dispositive motion or even trial. This may take years, and expenditure of an extraordinary amount of money, time, and judicial resources through discovery disputes, motion practice, pretrial proceedings and other issues likely to arise over the course of litigation. Certification now avoids the risk that the parties complete discovery and trial preparation only for the Second Circuit to later determine, after final judgment by this Court, that the only remaining claim against AMP was in fact not cognizable under New York law. Section 1292(b) exists specifically to prevent the unnecessary expenditure of judicial resources on a purely legal issue.

**IV. Proposed Certification Language**

AMP respectfully requests this Court certify the following language for appeal:

> Pursuant to 28 U.S.C. § 1292(b), the Court finds that its oral Order on Defendant AJP Educational Foundation, Inc. d/b/a American Muslims for Palestine's Motion for Reconsideration of this Court's Opinion involves a controlling question of law as to which substantial difference of opinion remains on the law, and that an immediate appeal from these Orders may materially advance the ultimate progress of the litigation. The controlling legal question is whether, under New York law, a lawsuit may proceed on a civil conspiracy claim where the complaint asserts no viable related cause of action for an underlying tort against a Defendant in the litigation.

Sincerely,

Luna Droubi
Matthew Melewski
Tala Alfoqaha
BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016
Tel: (212) 277-5875
Fax: (212) 277-5875

Christina A. Jump*
JUMP START LEGAL JUSTICE CENTER
100 N. Central Expwy., Suite 537
Richardson, Texas 75080
Tel: (972) 992-5060

Samira S. Elhosary*
CONSTITUTIONAL LAW CENTER FOR
MUSLIMS IN AMERICA **
100 N. Central Expwy., Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507
Fax: (972) 692-7454

*Admitted Pro Hac Vice

**The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America.

cc: All parties