Contarino Roth LLC
2255 Glades Road, Suite 324A
Boca Raton, FL 33431

Jacob William Roth
561-872-6508
jroth@contarinoroth.com

September 9, 2026

***VIA ECF & EMAIL***

The Honorable Andrew L. Carter, Jr.
United States District Judge
40 Foley Square
New York, New York 10007
ALCarterNYSDChambers@nysd.uscourts.gov

**Re: *Horowitz v. AJP Educational Foundation, Inc.*, *et al.*, No. 1:25-cv-03412 (ALC) – Plaintiff Horowitz's response to ECF No. 79**

Dear Judge Carter:

This firm represents Plaintiff Ami Horowitz in this matter. Pursuant to Rule 2(A) of Your Honor's Individual Rules and Practices, Plaintiff Horowitz responds to Defendant NSJP's pre-motion letter, filed as ECF No. 79. Mr. Horowitz does not oppose prompt, targeted jurisdictional discovery or prompt resolution of NSJP's asserted jurisdictional challenge. He opposes NSJP's request to defer both its overdue Rule 7.1 disclosure and motion practice regarding the purported jurisdiction issue in favor of open-ended negotiations. Mr. Horowitz respectfully requests that the Court deem the pre-motion process complete, set firm deadlines for NSJP's disclosure and responsive filing, and establish an expedited jurisdictional-discovery and briefing schedule.

This action has been pending for more than sixteen months, and Plaintiff has yet to obtain discovery from either Defendant. AMP's repeated efforts to defer merits discovery are already before the Court. As to NSJP, after ordinary service efforts were unsuccessful, Mr. Horowitz completed court-authorized service by publication on May 26, 2026, making NSJP's response to the Complaint due on June 16. Despite this, NSJP first appeared on July 12 and has still failed to file either an answer or a responsive motion and still has not filed the Rule 7.1 disclosure required with its first appearance.

On July 29, counsel for Mr. Horowitz and NSJP had a call to address the purported diversity jurisdiction issue. Counsel for NSJP stated that two of NSJP's Steering Committee members were New York citizens when this action commenced and proposed supporting that assertion through an attorney declaration and *in camera* materials. Counsel for Mr. Horowitz explained that an attorney declaration based on undisclosed records would not permit Mr. Horowitz to properly evaluate and test NSJP's claims about membership or domicile, and that limited jurisdictional discovery was necessary. Counsel for Mr. Horowitz further informed counsel for NSJP that NSJP was overdue to file its Rule 7.1 disclosures. Counsel for NSJP stated that he would look into Rule 7.1 and file an appropriate disclosure. On August 11, Mr. Horowitz sent NSJP proposed jurisdictional discovery requests and a case-management plan and invited NSJP's response. ECF No. 79-1. NSJP did not respond directly. Instead, twenty-six days later it filed ECF No. 79. Despite the assurance from NSJP's counsel, NSJP still has not filed its Rule 7.1 disclosure.

To date, NSJP still has not identified the two persons who are the basis for its claim that it held New York citizenship at the time this action commenced and the evidence that they were domiciled in New York rather than merely residing there. Nor has NSJP identified every individual or entity whose citizenship NSJP attributes to itself, explained what law governs NSJP's legal form and the terms of its membership, or explained why Steering Committee status constitutes membership. These are among the facts Mr. Horowitz must be able to test to evaluate NSJP's challenge to the Court's diversity jurisdiction. Absent an order permitting otherwise, Rule 7.1(a)(2) requires NSJP to name and identify the citizenship of every individual or entity whose citizenship was attributable to it when the action was filed. Rule 7.1(b)(1) required NSJP to file that statement with its first appearance two months ago. A declaration from counsel based on undisclosed materials cannot substitute for a complete disclosure and evidence from persons with knowledge.

NSJP's proposed alternative courses—immediate motion practice without defined discovery or open-ended negotiations "analogous to a settlement conference"—present a false choice that would only lead to further delay prejudicing Mr. Horowitz. The Court has already addressed the timing of discovery: ECF No. 13 denied Mr. Horowitz's prior request for jurisdictional discovery from NSJP without prejudice solely because NSJP had not yet been served. NSJP has now been served, appeared, and affirmatively placed its membership and citizenship at issue. Mr. Horowitz's request for jurisdictional discovery is now ripe and essential for the forward progress of this litigation.

To prevent further unwarranted delay in this litigation, the Court should order NSJP to formally assert any challenge it wishes to bring to the Court's diversity jurisdiction by filing a an appropriate motion to dismiss within fourteen days. The motion should be limited to Rule 12(b)(1) challenges because the time has long-since passed for NSJP to file a motion to dismiss under any other provision of Rule 12(b)—which was due on June 16. If NSJP wishes to formally challenge the Court's diversity jurisdiction, Mr. Horowitz should be authorized to take expedited jurisdictional discovery necessary to test NSJP's claims.

Jurisdictional discovery would be particularly appropriate here because the relevant facts are peculiarly within NSJP's knowledge. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978); *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004). The Advisory Comments for Rule 7.1 explain that Rule 7.1 discovery may test the completeness of a Rule 7.1 disclosure and the accuracy of the disclosed citizenships. Fed. R. Civ. P. 7.1 advisory committee's note to 2022 amendment. Mr. Horowitz is willing for jurisdictional discovery to proceed in phases. Initial documentary discovery may be limited to: (1) NSJP's legal form, governance structure, and governing law; (2) its membership criteria; (3) the identity and status of every person or entity whose citizenship was attributable to NSJP on April 24, 2025; (4) governing documents, customs, and rosters establishing that status; and (5) the evidence supporting the membership and domicile of the two alleged New York citizens. A limited Rule 30(b)(6) deposition may then follow if written discovery leaves material disputes.

Mr. Horowitz therefore respectfully requests that the Court:

(1) Deem the pre-motion conference requirement satisfied;

(2) Direct NSJP to file, within three business days, a compliant Rule 7.1(a)(2) statement;

(3) Require NSJP, if it intends to seek dismissal, to file within fourteen days a single pre-answer Rule 12 motion limited to its asserted Rule 12(b)(1) challenge, and otherwise to answer within the same period;

(4) Authorize Mr. Horowitz to take the phased jurisdictional discovery described above if NSJP files a Rule 12(b)(1) motion and make Mr. Horowitz's opposition to the motion due fourteen days after that discovery closes; and

(5) Confirm that NSJP's jurisdictional challenge does not stay discovery involving AMP.

This schedule will permit the jurisdictional issue to be resolved on a tested record without further delaying the remainder of the case.

Respectfully submitted,

**CONTARINO ROTH LLC**

*/s/ Jacob William Roth*
Jacob William Roth (pro hac vice)
Josiah Contarino
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
561-872-6508
jroth@contarinoroth.com
jcontarino@contarinoroth.com

*Attorneys for Plaintiff Ami Horowitz*